AYRES, Judge.
This is an action upon an open account instituted by plaintiff in the City Court of the City of Monroe. The question on appeal concerns the venue of the trial court.
Defendant made no appearance prior to judgment which was accordingly rendered against him. A plea of improper venue was in the mail addressed to the court but it was not received until the day following the entry and signing of the judgment. In appealing from the judgment, defendant contends that it was prematurely entered and that the plea filed by him was timely.
Service was made upon the defendant January 24, 1968. The delay for answering is five days from the date of service, exclusive of legal holidays. LSA-C.C. P. Art. 5002. Excluding Saturday and Sunday as legal holidays, the judgment was rendered and signed on the sixth day following the date of service. The plea to the venue not having been received and filed until the seventh day after service was untimely.
Defendant contends that the court was not a court of proper venue in that, in accordance with LSA-C.C.P. Art. 42, actions against individuals domiciled in the State shall be brought in the parishes of their domiciles. In this connection it is pointed out that the defendant is a resident of and domiciled in Ruston, Lincoln Parish, Louisiana, and not in Monroe, Ouachita Parish, Louisiana.
An exception of improper venue is a declinatory exception (LSA-C.C.P. Art. 924) and, as such, must be pleaded *699 prior to answer or judgment by default. However, except in special instances, of which this is not one, any objection to venue is waived by the failure of the defendant to plead the declinatory exception timely (LSA-C.C.P. Art. 44). The authority cited by the defendant, Automobile Ins. Co. of Hartford, Conn. v. Thornton, 56 So.2d 308 (La.App., 2d Cir. 1951), to the effect that a nonresident of a parish who is not personally served within such parish is not required to plead the question of jurisdiction, is inapplicable for the reason that the rule followed in that case has been legislatively overruled by the articles of the Code of Civil Procedure hereinabove noted.
We, therefore, conclude the defendant, by his failure to. timely except to the venue of the court, waived the benefit of his de-clinatory exception.
For the reasons assigned, the judgment appealed is affirmed at defendant-appellant’s costs.
Affirmed.