PICKETT, Judge.
This is an action for damages instituted by William B. Foster against Rivers Breaux and J. W. Evans based on alleged false accusations made against plaintiff that ultimately resulted in his discharge by his employer, Texaco, Inc. The suit was filed May 16, 1969.
Service was made on the defendant, Rivers Breaux, at his domicile in Terrebonne Parish, May 21, 1969, and on the defendant, J. W. Evans, at his domicile in La-Fourche Parish, May 23, 1969. The delay for pleading having elapsed without the defendant, Rivers Breaux, having made an appearance, a preliminary default judgment was entered on June 6, 1969. On June 10, 1969, both defendants filed exceptions of improper venue and lack of jurisdiction. On July IS, 1969, both defendants filed a peremptory exception of prescription.
On September 26, 1969, the trial court sustained the exception of improper venue and overruled the exception of lack of jurisdiction; but did not rule on the plea of prescription. The plaintiff has appealed. The trial judge has not given written reasons for his judgment.
The defendant contends that the court was not a court of proper venue. The general rules of venue require that an action against an individual who is domiciled in the State shall be brought in the parish of his domicile. LSA-C.C.P. Article 42. But the plaintiff contends that he brought his suit in a court of proper venue under the provisions of LSA-C.C.P. Article 74, which provides:
“An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.”
The plaintiff alleges that defendant, Rivers Breaux, is a resident of Terrebonne Parish, and that defendant, J. W. Evans is a resident of LaFourche Parish. He alleges that the wrongful conduct occurred in Plaquemines Parish. However, he argues that his damages were sustained in Tangipahoa Parish, where he resides with his family; and where he has suffered monetary losses, embarrassment and mental anguish by himself and his family, and inability to secure other employment all because of the alleged wrongful acts of the defendants. In other words, plaintiff contends that although the defendants are domiciled in parishes other than where this action was brought, and that the acts which resulted in his alleged damages, occurred in a parish other than where this action was brought, his damages were sustained in Tangipahoa Parish. Plaintiff’s contention on this point is quite similar to an issue raised in Coursey v. White, La. App., 184 So.2d 625. In the Coursey case, the plaintiffs filed suit in Orleans Parish, the parish of their domicile to recover damages alleged to have been sustained because of the wrongful seizure of their property pursuant to a writ of executory process issued out of the Twenty-First Judicial *805 District Court for Livingston Parish. The defendant in that case filed an exception of improper venue. The court overruled the exception, and the defendant applied to the Fourth Circuit Court of Appeal for supervisory writs and the writs were granted. The plaintiffs in the Cour-sey case, as herein, argued that they were entitled to file suit in the parish where the damages were sustained, under the provisions of LSA-C.C.P. Article 74. The court held that Article 74 did not permit the plaintiffs to recover damages for mental anguish and loss of credit ratings which were alleged to have resulted from or as an element of the main damage, and to use such injuries to maintain venue in a parish of their choice. In that connection, the court said:.
“However, the plaintiffs only request recovery for injuries which emanate indirectly from or as an element of the main damage. Moreover, a significant consideration herein is the nature and character of the damages incurred. Edwards asserts that his credit rating was injured in Orleans Parish, thereby creating the proper venue. However, suffice it to say that if his credit rating was injured locally, it necessarily follows that it was injured in every parish throughout the state. Under this hypothesis, the plaintiff could choose any parish in Louisiana and sue therein for the damages which he incurred to his credit rating.
A similar situation exists with respect to the plaintiffs’ claim for mental anguish as a result of the seizure in Livingston Parish. Mental anguish is ‘sustained’ wherever the person suffering therefrom happens to be when it occurs. If by chance the plaintiffs had been in Allen Parish, Lafourche Parish, or West Carroll Parish, for example, when they learned of the illegal seizure, the damage for mental anguish would have been ‘sustained’ in those locations and not in Orleans Parish.”
We agree with the interpretation placed on LSA-C.C.P. Article 74; and conclude that the exception of improper venue of this suit as to the defendant, J. W. Evans, was properly sustained. Evans timely appeared and filed his exception to venue June 10, 1969, and before issue was joined. The preliminary default was not entered against him until July 2,1969.
A preliminary default was entered against the defendant, Rivers Breaux, June 6, 1969, and his exception of improper venue was not filed until June 10, 1969. Hence, issue had already been joined when his exception was filed. LSA-C.C.P. Article 928 provides:
“The declinatory exception and the dilatory exception shall be pleaded prior to answer or judgment by default. When both exceptions are pleaded, they shall be filed at the same times, and may be incorporated in the same pleading. When filed at the same time or in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order.
The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision.”
In Frederick vs. Popich Marine Construction, Inc., La.App., 136 So.2d 423, this court had under consideration LSA-C.C.P. Article 928, and in connection therewith, said:
“On this score we are fortified by Articles 44 and 928, LSA-C.C.P. (effective January 1, 1961) which provide that objection to venue may not be waived prior to institution of suit and that an objection to venue is waived by failure to plead same as a declinatory exception which according to Article 928 requires *806 such a plea be made before joinder of issue.”
The Court of Appeal, Second Circuit, reached the same conclusion in McLemore v. Gullett, 211 So.2d 698, wherein the court said:
“An exception of improper venue is a declinatory exception (LSA-C.C.P. Art. 924) and, as such, must be pleaded prior to answer or judgment by default. Plowever, except in special instances, of which this is not one, any objection to venue is waived by the failure of the defendant to plead the declinatory exception timely (LSA-C.C.P. Art. 44).”
In the case of Ponthieux v. Lindsay, 216 So.2d 407, the Court of Appeal, Third Circuit said:
“With limited exceptions not here applicable, objections to improper venue are waived by making a general appearance, LSA-C.C.P. Arts. 925, 7, or else by the failure to raise such objections by a de-clinatory exception filed prior to answer or to entry of preliminary default, Arts. 44, 928. The defendant Lindsay made no appearance. Since by service of process the court had personal jurisdiction to render judgment against him, Lindsay’s failure to plead the objection to venue timely constituted a waiver of his right to do so.”
We conclude that the defendant, Rivers Breaux, waived his right to plead his objection to the venue because he permitted a preliminary default to be entered against him before pleading. Therefore, the judgment of the trial court in sustaining the exception of improper venue filed by Rivers Breaux is reversed and the exception of improper venue is overruled as to Rivers Breaux.
The defendants filed a plea of prescription of one year, which was not acted upon by the trial judge. The defendants have not answered the appeal. But they have filed an exception of prescription of one year in this court. The plaintiff has requested in his brief, that if this court should find that J. W. Evans’ declinatory exception should be sustained, then, he desires and requests pursuant to LSA-C.C.P. Article 2163, the case be remanded to the trial court for the trial of the peremptory exception of prescription. LSA-C.C.P. Article 2163 provides:
“The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.”
No evidence was introduced in the trial court on the exception of prescription. In view of the provisions of LSA-C.C.P. Article 2163, we believe that justice would best be served if the case were remanded to the lower court for the trial of the peremptory exception of prescription.
For the reasons hereinabove assigned, the judgment of the trial court sustaining the exception of improper venue as to J. W. Evans is sustained, and reversed, set aside, and overruled as to Rivers Breaux, and this matter is remanded to the trial court for further proceedings consistent with the views herein expressed.
Affirmed in part, set aside in part and remanded.