404 So.2d 1351 (1981)
Dale M. ERDEY
v.
The AMERICAN HONDA COMPANY, et al.
No. 14807.
Court of Appeal of Louisiana, First Circuit.
October 1, 1981.
Paul H. Due, Baton Rouge, for plaintiff.
Donald Phelps, Baton Rouge, for defendants.
Before COVINGTON, COLE and WATKINS, JJ.

ON MOTION TO DISMISS
COVINGTON, Judge.
This matter comes on motion of Dale M. Erdey, plaintiff-appellee, to dismiss the appeal taken by defendants-appellants.
In this action, Dr. Allen Jackson-Dr. Richard L. Bolton, Ltd., a Professional Corporation; Allen Jackson, M.D.; and St. Paul Fire and Marine Insurance Company have been made defendants in a lawsuit filed in Livingston Parish, Louisiana, with the claim being made that Dr. Jackson committed medical malpractice in his treatment of plaintiff, Dale M. Erdey. Dr. Jackson filed declinatory and dilatory exceptions urging improper venue and improper cumulation of actions, and a judgment was signed on May 8, 1981, denying those exceptions. From that judgment, the defendants have perfected this appeal. The plaintiff has filed a motion to dismiss the appeal, and has asked for assessment of damages, contending that the appeal is frivolous.[1]
*1352 Code of Civil Procedure Article 2083 provides that an appeal may be taken "from an interlocutory judgment which may cause irreparable injury." In Comment (a) under Article 2083 it is stated:
"... However, the right to appeal certain interlocutory judgments, where irreparable injury would otherwise result, is retained in this Code.
"... No attempt has been made to codify the jurisprudence in which interlocutory judgments have a final effect or may cause irreparable injury, since the jurisprudence has been largely a case by case process, rather than the development of a basic general rule."[2]
The Louisiana Supreme Court has rendered a decision in Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981), which declares that irreparable injury may result from the erroneous denial of an exception to the venue. In Footnote 1 the Supreme Court stated:
"To reason that there is no irreparable injury is to decide that relator has no right to appeal under C.C.P. art. 2083. (In that context irreparable injury occurs if any error in the ruling cannot as a practical matter be corrected on appeal. For example, once the trial court overrules an exception to the venue and the case is tried on the merits in the wrong venue, an appellate court has no practical means of correcting the error on appeal.)"
[Emphasis added].
The Herlitz case clearly indicates that an appeal from a judgment overruling an exception to the venue is one which the appellate courts should consider. In Herlitz, the Supreme Court recognized that the erroneous overruling of an exception to the venue by the trial court creates a situation in which irreparable injury occurs to the defendant because nothing can be done on appeal to correct that error. If the trial court was in error in failing to sustain the exception to the venue in this case, there is nothing this court could do on appeal to correct that error after trial on the merits. If this court does not review the issue of venue now (and the case is then tried on its merits), the defendants' right to have the suit tried in a proper venue will be, for all practical purposes, effectually defeated.
For these reasons, the motion to dismiss is denied at mover's costs.
MOTION DENIED.
NOTES
[1] In the motion Erdey also asks for damages for frivolous appeal, but such request cannot be considered by this court since the plaintiff has neither appealed nor answered the appeal of the defendants. See Meyers, Whitty & Hodge, Inc. v. Popich Marine Construction, Inc., 143 So.2d 739 (La.App. 4 Cir. 1962).
[2] In the case of Glazer Steel Corporation v. Larose Shipyard, Inc., 368 So.2d 205 (La.App. 1 Cir. 1978), this court found irreparable injury in the granting of exception of improper venue and transference to another parish under the circumstances of that case. (Emphasis added.)