602 So.2d 1055 (1992)
URBAN MANAGEMENT CORPORATION, Plaintiff/Appellee,
v.
SHREVEPORT AIRPORT AUTHORITY, et al., Defendant/Appellant.
No. 23638-CA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1992.
Rehearing Denied July 16, 1992.
Jerald N. Jones, City Atty., Dannye Malone, Roland J. Achee, Shreveport, for defendants/appellants.
Leroy H. Scott, Jr., Shreveport, Chaffe, McCall, Phillips, Toler & Sarpy by L. Havard Scott, III, New Orleans, for plaintiff/appellee.
Before SEXTON, HIGHTOWER and STEWART, JJ.
SEXTON, Judge.
The defendants, the City of Shreveport and the Shreveport Airport Authority, appeal the denial of their exception of improper venue. The trial court overruled the *1056 exception, finding the suit brought by the plaintiff, Urban Management Corporation, was properly filed in Bossier Parish. Plaintiff has filed a motion to dismiss the appeal. We deny the motion to dismiss and affirm the trial court judgment.
On August 21, 1986, plaintiff filed a petition in Bossier Parish seeking rescission of a lease and corresponding damages. The petition alleged that plaintiff had leased property from the defendants at the Downtown Airport. Although the City of Shreveport is located predominantly in Caddo Parish, portions of the city, including the Downtown Airport, are located in Bossier Parish. The petition alleged that actions of the defendants had violated provisions of the lease entitling plaintiff to relief.
The defendants filed a declinatory exception of improper venue, arguing that venue was improper in Bossier Parish, that suit could only be brought in Caddo Parish. The trial court overruled the exception. Defendants have appealed this interlocutory judgment as one which would cause irreparable injury. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Caldwell v. VAC Federal Credit Union, 545 So.2d 697 (La.App.2d Cir.1989).
We must initially consider plaintiff's motion to dismiss defendants' appeal. That motion is based on two separate grounds. First, plaintiff notes, and the minutes reflect, that a preliminary default was entered in this case on October 16, 1986. Plaintiff correctly asserts that a declinatory exception of improper venue is waived if not pleaded prior to the entry of a preliminary default. LSA-C.C.P.Art. 928; Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972). However, in the instant case, the exception of improper venue was filed the same date the preliminary default was entered. The record fails to reflect the antecedent occurrence on that date, the entry of the preliminary default, or the filing of the exception. As the record does not inevitably support plaintiff's position that the preliminary default preceded the exception, and noting that appeals are favored and should not be dismissed unless the law clearly so requires, Haywood v. Salter, 421 So.2d 1190 (La.App.2d Cir. 1982), we decline to dismiss the appeal on this basis.
Plaintiff alternatively contends that the appeal should be dismissed as defendants have waived the exception of improper venue by making a general appearance. LSA-C.C.P.Art. 7; Green v. Champion Insurance Company, 577 So.2d 249 (La.App. 1st Cir.1991), writ denied, 580 So.2d 668 (La.1991). In support of this argument, plaintiff has attached a motion to set aside the preliminary default, filed by defendants on September 19, 1991. This motion is in reference to a second preliminary default entered by plaintiff on August 29, 1991. We note that these proceedings occurred after the August 8, 1991, judgment overruling the exception of improper venue and the granting of an appeal on August 28, 1991. Attachments to appellate briefs do not constitute part of the appellate record, and an appellate court is precluded from considering matters not in the record. Louisiana Business College v. Crump, 474 So.2d 1366 (La.App.2d Cir. 1985); Robinson v. Abraham, 582 So.2d 1341 (La.App. 4th Cir.1991). Furthermore, while the matter is pending on appeal, the trial court is divested of jurisdiction. LSA-C.C.P. Art. 2088; Barr v. Smith, 598 So.2d 438 (La.App.2d Cir.1992). We find no waiver by defendants of their exception to venue, and accordingly, the motion to dismiss the appeal is denied.
Turning to the merits of the appeal, defendants argue that venue in this matter is controlled by LSA-R.S. 13:5104 B which, prior to a 1991 amendment not applicable here, provided:
B. All suits filed against a political subdivision of the state shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises.
There is no dispute that the City of Shreveport and the Shreveport Airport Authority *1057 are political subdivisions, LSA-R.S. 13:5102 B, nor that this suit is one in contract or for injury to person or property against a political subdivision, LSA-R.S. 13:5101. Accordingly, the venue provided in LSA-R.S. 13:5104 B is mandatory. Akins v. Parish of Jefferson, 539 So.2d 44 (La.1989). Defendants argue that under LSA-R.S. 13:5104 B, the instant lawsuit may only be maintained in Caddo Parish. We disagree.
Defendants argue that the City of Shreveport and its agency are domiciled in Caddo Parish. We note that the general rules of venue consider domicile only of individuals. Venue for corporations or partnerships is premised upon the location of its registered office or principal business establishment, respectively. See LSA-C.C.P.Art. 42.
The first clause of LSA-R.S. 13:5104 B refers to where the political subdivision is located. However, unlike the general venue provisions of LSA-C.C.P.Art. 42, LSA-R.S. 13:5104 B does not specifically delineate where any specific entity of the political subdivision must be located to establish venue. Plaintiff argues that, as the location of the Downtown Airport indicates, the City of Shreveport is located in both Caddo and Bossier Parishes. Nevertheless, it may be argued that "the judicial district in which the political subdivision is located" implies that each political subdivision is located in only one parish for purposes of LSA-R.S. 13:5104 B. Although noting the contrasting viewpoints, we find it unnecessary to decide where defendants are located for purposes of LSA-R.S. 13:5104 B in order to dispose of the venue issue.
The second clause of LSA-R.S. 13:5104 B allows an alternate venue in the parish where the cause arose. We note that LSA-R.S. 13:5104 A refers to "cause of action" while LSA-R.S. 13:5104 B refers to "cause." The two concepts are not interchangeable. Cause is the principle upon which a specific demand is grounded, while cause of action embraces the cause and the demand and is related to the party making demand. Cause, a narrower concept than cause of action, is roughly analogous to a theory of recovery. Cantrelle Fence and Supply Company, Inc. v. Allstate Insurance Company, 515 So.2d 1074 (La.1987); Mitchell v. Bertolla, 340 So.2d 287 (La. 1976). We conclude that the cause giving rise to the instant lawsuit arose in Bossier Parish, where the property is located that is the subject of the lease at issue. Therefore, under the second clause of LSA-R.S. 13:5104 B, venue is proper in Bossier Parish.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal in the amount of $112.50 are assessed to the defendants. LSA-R.S. 13:5112.
AFFIRMED.
APPLICATION FOR REHEARING Before MARVIN, SEXTON, NORRIS, HIGHTOWER and STEWART, JJ.
Rehearing Denied.