669 So.2d 612 (1996)
SONO-TOPES, INC., Plaintiff-Appellee,
v.
FRANKLIN PARISH HOSPITAL SERVICE DISTRICT # 1, Defendant-Appellant.
No. 28355-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1996.
*613 Michael E. Kramer, Winnsboro, for appellant.
Walker, Tooke, Lyons & Jones by S. Curtis Mitchell, Shreveport, for appellee.
Before SEXTON and GASKINS, JJ., and CLARK, J. Pro Tem.
SEXTON, Judge.
Defendant, Franklin Parish Hospital Service District # 1 ("FPHSD"), appeals a judgment overruling of an exception of venue it filed in response to a suit filed by plaintiff, Sono-Topes, Inc. ("Sono-Topes") for breach of contract. We affirm and remand.
Sono-Topes and FPHSD entered a contract whereby Sono-Topes would provide FPHSD with CT scanner services to its hospital located in Franklin Parish. The term of the contract was five years. Negotiations and terms were discussed in Caddo Parish. The contract was reduced to writing later and signed by each party in the parish of its domicileSono-Topes in Caddo Parish and FPHSD in Franklin Parish. Sono-Topes alleges that more than one year before the end of the term of the contract, FPHSD disassembled the CT scanner supplied by Sono-Topes and removed it from the hospital to enter an agreement with another supplier. Sono-Topes filed suit in Caddo Parish. FPHSD entered an exception of improper venue, which the trial court overruled. FPHSD appeals.
*614 At the hearing on the exception, the trial court heard evidence of the oral agreement reached in Caddo Parish. FPHSD argues that the oral contract is distinct from the written contract and inasmuch as the suit is based upon the written contract, the trial court erred in considering evidence of the oral contract in overruling the exception. FPHSD denies the existence of an oral contract reached in Caddo Parish.
Second, FPHSD argues that Franklin Parish is the proper venue for trial of this matter on grounds that FPHSD executed the written contract in Franklin Parish and all matters relating to the performance of the contract were performed in Franklin Parish. FPHSD does not deny, however, that Sono-Topes executed (i.e., signed) the contract in Caddo Parish.
La.C.C.P. Art. 76.1 states:
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
FPHSD argues that a fair interpretation of the statute would make venue proper in Franklin Parish, inasmuch as FPHSD has no contacts with Caddo Parish regarding the contract (its execution and performance), absent the oral contract, which it denies. FPHSD also argues that the statute only applies in cases where the contract is executed in one parish.
This question was resolved by the recent Louisiana Supreme Court case of Jordan v. Central Louisiana Electric Co., Inc., 95-1270 (La. 6/23/95) 656 So.2d 988, wherein the court held that venue is proper in all parishes where a contract is executed. The court stated that La.C.C.P. 76.1's use of the singular "parish" is construed to mean the plural "parishes" as well as the singular as per La.C.C.P. Art. 5055. Thus, venue is proper in all parishes where the contract is executed. Since Sono-Topes executed the written contract in Caddo Parish, venue is proper Caddo Parish if LSA-C.C.P. Art. 76.1 is applicable. Jordan, supra.
Additionally, however, FPHSD argues that LSA-R.S. 13:5104(B) requires that suit be filed in the parish of Franklin, the domicile of the defendant. LSA-R.S. 13:5104(B) states, in pertinent part:
All suits filed against a political subdivision of the state ... shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises.
(Emphasis supplied.)
Hospital districts are political subdivisions of the state. LSA-R.S. 46:1064. The venue of LSA-R.S. 13:5104 B for suits against political subdivisions is mandatory. Akins v. Parish of Jefferson, 539 So.2d 44 (La. 1989). Because FPHSD is domiciled in Franklin Parish, the only other possible venue is the district court for the parish in which the "cause" arises. As we pointed out in Urban Management v. Shreveport Airport Authority, 602 So.2d 1055 (La.App.2d Cir. 1992), writ denied, 606 So.2d 542 (La.1992), the word "cause" of LSA-R.S. 13:5104 B may provide additional venues for suits against political subdivisions.
The "cause" of Section 5104 B is not synonymous with "cause of action." "Cause" is a narrower concept, roughly analogous to a theory of recovery. "Cause" is the principle upon which a specific demand is grounded, while "cause of action" embraces the cause and the demand and is related to the party making the demand. Cantrelle Fence and Supply Co., Inc. v. Allstate Insurance Co., 515 So.2d 1074 (La.1987); Urban Management v. Shreveport Airport Authority, supra.
In the instant case, the principle upon which this action is grounded or the "cause" is the failure of FPHSD to perform its obligation to Sono-topes. This obligation consisted of a five-year CT scanner service agreement in which Sono-Topes would receive compensation in the form of a schedule of payments for services. FPHSD's performance of this obligation was the "cause" for which Sono-topes bound itself to FPHSD. LSA-C.C. 1967. See also, Cantrelle Fence and Supply Co., Inc., supra. Thus, the "cause" arises in this case out of the obligation of FPHSD to Sono-Topes, whose performance was to consist of payment for services *615 for a period of five years. FPHSD's performance or payment for the CT scanner services occurs in Caddo Parish where Sono-Topes is located. Because the cause with respect to Sono-Topes arises in this case in Caddo Parish, venue is proper in Caddo Parish under LSA-R.S. 13:5104 B. Therefore, the trial court was not in error.
For these reasons, the judgment of the trial court is affirmed and the case is affirmed and the case is remanded for further proceedings. Costs of this appeal are assessed to the defendant.
AFFIRMED AND REMANDED.