708 So.2d 843 (1998)
BRIAN L. HEARD GENERAL CONTRACTOR, INC.
v.
WARD TWO WATER DISTRICT OF LIVINGSTON PARISH.
No. 97 CA 0653.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
*844 Frank Tomeny, III, Baton Rouge, for Plaintiff-Appellant Brian L. Heard General Contractor, Inc.
Carey T. Jones, Denham Springs, for Defendant-Appellee Ward Two Water District of Livingston Parish.
Before CARTER and FITZSIMMONS, JJ., and CHIASSON,[1] J. Pro Tem.
REMY CHIASSON, Judge Pro Tem.
This is an appeal from a trial court judgment sustaining an exception of improper venue and a subsequent judgment denying a motion for new trial.
This suit arises out of a contract between Brian L. Heard General Contractor Inc., (Heard) and Ward Two Water District of Livingston Parish, Louisiana, (Water District), to expand the operations of the Water District into northern Livingston Parish. Heard contracted with the Water District to lay the water line in the expanded territory. Heard subsequently filed suit against the Water District seeking additional compensation under the contract for extra work performed on the contract. Plaintiff's petition for damages alleges that it incurred additional work and expenses because the defendant failed to procure right of ways for the work as set forth in the contract and because the plaintiff encountered additional waterways during the construction which were not included in the contract.
Heard filed suit in East Baton Rouge Parish on September 5, 1995. The Water District responded with an Exception of Improper Venue arguing that Livingston Parish is the exclusive venue for the present suit. The venue exception was heard in the trial court on January 29, 1996. The trial judge granted the exception and ordered the case transferred to Livingston Parish.
*845 On February 16, 1996, Heard filed a First Supplemental and Amending Petition in East Baton Rouge Parish naming the project engineer, a domiciliary of East Baton Rouge Parish, as a new defendant. Thereafter, Heard filed a motion for new trial alleging that its cause of action against the engineer was newly discovered entitling it to a new trial on the venue exception. The motion for new trial was denied on April 15, 1996, and judgment signed on June 3, 1996. Heard filed an appeal alleging that the trial court erred in granting the defendant's exception of improper venue[2] and in denying its motion for a new trial.

VENUE
At the time suit was filed in this matter LSA-R.S. 13:5104(B), set forth the general venue rule for suits against the political subdivisions of the state as follows:
All suits filed against a political subdivision of the state ... shall be instituted before the district court of the judicial district in which the political subdivision is located[3] or in the district court having jurisdiction in the parish in which the cause[4] arises.
The venue provisions of LSA-R.S. 13:5104(B) for suits against political subdivisions are mandatory. Akins v. Parish of Jefferson, 539 So.2d 44 (La.1989) and Texaco, Inc. v. Plaquemines Parish Government, 527 So.2d 1128, 1130 (La.App. 1st Cir.), writ denied, 533 So.2d 359 (La.1988). Because the language of 13:5104(B) is specific to this action and is couched in mandatory language we find no merit in plaintiff's contention that the venue in this case is also governed by LSA-C.C.P. art. 76.1, the general venue provisions for contracts. Furthermore, we decline to apply the statutory interpretation used in V.C. Nora, Jr. Bldg. & Remodeling, Inc. v. State of Louisiana, Through Department of Transportation and Development, 93-1469, pp. 3-4 (La.App. 3rd Cir. 3/30/94), 635 So.2d 466, 469 wherein the court applied the provisions of LSA-R.S. 38:2181[5] and LSA-C.C.P. art 76.1[6] to determine where the cause of action arose under LSA-R.S. 13:5104(A). We believe that such an interpretation destroys the purpose and intent of LSA-R.S. 13:5104(B). The suit herein clearly falls within the mandatory provisions of LSA-R.S. 13:5104(B) as the plaintiff seeks damages on a contract[7] with the Water District, a political subdivision.
Having determined that LSA-R.S. 13:5104(B) is the proper venue provision, we now look to the facts of this case to determine where venue is proper. The parties stipulated that the domicile of the Water District is Livingston Parish thus making it an appropriate venue under LSA-R.S. 13:5104(B). Plaintiff contends that East Baton Rouge Parish is also an appropriate venue *846 because the "cause" arose there. Plaintiff argues that the determination of where the cause arose includes consideration of any parish where any work or service was performed, payment was received or the contract executed. Mr. Heard, the owner of Heard General Contractors and his wife testified that many aspects pertaining to the contract were performed in East Baton Rouge such as the ordering of materials, payroll and other general management functions for the project. The testimony also revealed that the plaintiff had a construction yard located in Livingston parish which was used during the project.
We agree with the trial court that these general business functions at the contractor's regular place of business do not support a finding that the "cause" arose in East Baton Rouge Parish. The parties stipulated that all of the actual construction work on the contract took place in Livingston Parish. The record also indicates that all of the right of ways, which the Water District was to obtain were located in Livingston Parish and all the omitted intermittent waterways were located in Livingston Parish. Accordingly the cause arose in Livingston Parish. We find no error in the trial court's original determination that the appropriate venue in this case is Livingston Parish.

MOTION FOR NEW TRIAL
Plaintiff contends that the trial court erred in denying its motion for a new trial in light of new evidence discovered by the plaintiff after the judgment granting defendant's exception of improper venue. Plaintiff claims that on February 9, 1996, it discovered that the project engineer, domiciled in East Baton Rouge Parish, was also responsible for the alleged breach of contract with the Water District.
LSA-C.C.P. art. 1972 provides that a new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
LSA-C.C.P art. 1973 further provides that a judge may grant a new trial for good ground in any case. When considering a motion for new trial, the trial judge has wide discretion. Brown v. Adolph, 96-1257, p. 8 (La.App. 1st Cir. 3/27/97), 691 So.2d 1321, 1327.
For the reasons expressed above, we do not believe that the trial court's judgment was contrary to the law and evidence. Furthermore, we find no abuse of discretion in the court's refusal to grant a new trial based upon the discovery of an additional defendant after the court's ruling on the exception of improper venue. Plaintiff contends that this newly discovered evidence could not have been obtained with due diligence before trial. We disagree. The plaintiff was certainly aware of the existence of the project engineer and common sense dictates that the plaintiff was also aware of the general functions performed by the project engineer in relation to the contract. We further note that the plaintiff's original petition states that "the engineer estimated in the original contract the number of `large intermittent waterways' at 6 and the actual number of such waterways is 20." The Water District filed its exception of improper venue on September 21, 1995 and the hearing on said motion was not heard until four months later on January 29, 1996. Based on these facts it was reasonable for the court to conclude that the plaintiff failed to use due diligence in discovering this evidence. We find no error in the trial court's denial of plaintiff's motion for new trial.
For the reasons expressed herein we affirm the judgment granting the exception of improper venue and transferring the case to the 21st Judicial District Court in and for the Parish of Livingston. We also affirm the judgment denying plaintiff's motion for new trial. All costs of this appeal are assessed against Brian L. Heard General Contractor, Inc.
AFFIRMED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Although a trial court judgment overruling a declinatory exception pleading the objection of improper venue is not a final judgment, it is an appealable interlocutory judgment which this court may review pursuant to its appellate jurisdiction. See Erdey v. American Honda Company, 404 So.2d 1351, 1352 (La.App. 1st Cir.1981). The reasons expressed in Erdey regarding the potential for irreparable injury when an exception of improper venue is denied are equally valid for cases involving the granting of an exception of improper venue.
[3] The domicile of the waterworks districts are provided for in LSA-R.S. 33:3816 as follows:

Domicile of waterworks district
The police jury shall designate the corporate domicile of the district at some place within the district, at which domicile it shall be sued and service of citation made on the president, and in his absence, upon the vice-president, and in their absence, upon the secretary, who also may be the treasurer.
[4] LSA-R.S. 13:5104(B) was amended by Acts 1996, 1st Ex.Sess., No. 63, § 1 to substitute "cause of action" for "cause."
[5] LSA-R.S. 38:2181B provides in pertinent part:

A suit arising under any public contract regarding the construction, alteration, or repair of any public works or for the purchase of materials or supplies, may be instituted either in the parish in which the public entity is located or in any other parish where, by law, such action may be instituted.
[6] LSA-C.C.P. art. 76.1 provides that "[a]n action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract."
[7] The provisions of LSA-R.S. 13:5101 make section 5104 applicable to a "suit in contract."