728 So.2d 952 (1999)
UDS MANAGEMENT CORPORATION, Plaintiff-Appellant,
v.
EBARB WATERWORKS DISTRICT NO. 1, Defendant-Appellee.
No. 32,103-CA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1999.
Rehearing Denied March 25, 1999.
Snellings, Breard, Sartor, Inabnett & Trascher by Wendy Giovingo, Gold, Weems, Bruser, Sues & Rundell by Gregory B. Upton, John J. Zachary, Counsel for Appellant.
Tony C. Tillman, Counsel for Appellee.
Before BROWN, CARAWAY and DREW, JJ.
BROWN, J.
Plaintiff has appealed a judgment sustaining an exception of improper venue and transferring this contractual dispute to the district court of the parish which is both the domicile of the defendant, a political subdivision, and the location in which the cause of action arose. For the reasons set forth below, we affirm.

Procedural Background
Plaintiff, UDS Management Corporation ("UDS"), a Louisiana corporation domiciled in Ouachita Parish, filed suit on January 13, 1998, in the 4th Judicial District Court, Parish of Ouachita, against defendant, Ebarb Waterworks District ("the Waterworks District"), a political subdivision of the state, seeking a declaratory judgment on several issues involving a contract between the parties for the operation and management of the Waterworks District.
A second petition seeking injunctive relief and/or damages was filed by UDS on March 20, 1998, one day after the Waterworks District's Board of Commissioners voted to terminate their contract with UDS, and a temporary restraining order was issued enjoining the Board from acting upon its vote. Thereafter, on April 3, 1998, UDS filed a third petition adding a claim that the Waterworks District had violated Louisiana's Open Meetings Law.
Defendant responded by filing a declinatory exception of improper venue. According to the Waterworks District, pursuant to La. R.S. 13:5104(B), venue for plaintiffs claim is proper only in Sabine Parish, the parish of its domicile and the parish in which the cause of action arises. Following a hearing, the trial court, in a judgment dated May 27, 1998, sustained the exception and transferred the matter to the 11th Judicial District, Parish of Sabine.[1] It is from this judgment that plaintiff has appealed.

*953 Discussion

Police juries are empowered to divide their parishes into waterworks districts. La. R.S. 33:3811. Such waterworks districts are political subdivisions of the state. La. R.S. 13:5104(B), the general venue provision for suits against political subdivisions of the state, provides in part:
All suits filed against a political subdivision of the state ... shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
Plaintiff's argument, both in the trial court and on appeal, is that venue in this contractual dispute is proper in Ouachita Parish pursuant to La. R.S. 13:5104(B) as it is a parish in which the cause of action arises.
In Brian L. Heard General Contractor, Inc. v. Ward Two Water District of Livingston Parish, 97-0653 (La.App. 1st Cir.04/08/98), 708 So.2d 843, a factually similar case, the plaintiff, an East Baton Rouge Parish contractor, filed suit in East Baton Rouge Parish against defendant, the Livingston Parish Water District, seeking additional compensation under its contract with the water district. The trial court sustained the water district's exception of improper venue and the contractor appealed.
The First Circuit in Heard, supra, began its analysis by noting that the venue provisions of La.R.S. 13:5104(B) for suits against political subdivisions of the state are mandatory, citing Akins v. Parish of Jefferson, 539 So.2d 44 (La.1989); Texaco, Inc. v. Plaquemines Parish Government, 527 So.2d 1128 (La.App. 1st Cir.1988), writ denied, 533 So.2d 359 (La.1988). As for the contractor's argument that East Baton Rouge Parish had venue because the "cause" arose there, the court noted that general business functions performed at the contractor's regular place of business do not support a finding that the "cause" arose in the contractor's parish. The court then pointed out that all of the construction work pursuant to the contract took place in Livingston Parish and that all of the right of ways to be obtained, as well as the omitted intermittent waterways, were located in Livingston Parish. Thus, the "cause" arose in that parish.[2]
Turning to the facts of the instant case, it is not disputed that the contract involves a water district located entirely in Sabine Parish. The mere fact that UDS has its office in Ouachita Parish and receives payments from water customers at this office does not, contrary to appellant's position, support the conclusion that the "cause of action" arose in Ouachita Parish. The original agreement and supplemental contracts were negotiated in Sabine Parish. Except for the affixing of one party's signature, the contracts were executed in Sabine Parish.[3]
Furthermore, the contract provides for the supervision, operation, repair and maintenance of the Sabine Parish water district, the physical facilities of which are located exclusively in Sabine Parish. Finally and most importantly, the cause of action as set forth by UDS in their various pleadings includes claims of breach of contract, wrongful termination of contract and violation of Louisiana's Open Meetings Law, allegations which, if true, necessarily involve conduct that occurred in Sabine Parish. We find no error in the trial court's determination that the only appropriate venue in this case, in accordance with La. R.S. 13:5104(B), is Sabine Parish.[4]

*954 Conclusion

For the reasons set forth above, the trial court's judgment maintaining Ebarb Waterworks District's declinatory exception of improper venue and transferring the matter to the 11th Judicial District Court, Sabine Parish, Louisiana, is AFFIRMED. Costs of this appeal are assessed to UDS Management Corporation.

APPLICATION FOR REHEARING
Before NORRIS, C.J., and WILLIAMS, BROWN, CARAWAY and DREW, JJ.
Rehearing denied.
NOTES
[1] Based upon its ruling on the exception of venue, the court dismissed the injunction and pretermitted a decision on the issue of whether plaintiff was entitled to permanent injunctive relief.
[2] Prior to its amendment by Acts 1996, 1st Ex. Sess., No. 63, Section 1, La. R.S. 13:5104(B) provided for venue in "the district court having jurisdiction in the parish in which the cause arises." (Emphasis added).

In Sono-Topes, Inc. v. Franklin Parish Hospital Service District No. 1, 28,355 (La.App.2d Cir.02/28/96), 669 So.2d 612, this court found that "cause" was not synonymous with "cause of action," but instead was analogous to a theory of recovery. As such, the reasoning of Sono-Topes is not applicable to the instant case, which involves the present version of La. R.S. 13:5104(B).
[3] John Jeffery Pruitt, president of UDS, testified that he signed his name to the latest contract in Ouachita Parish. Pruitt, however, admitted that all other parties signed the contracts in Sabine Parish, including the person attesting to Pruitt's own signature.
[4] Appellant also assigned as error the trial court's application of the doctrine of forum non conveniens as provided by La. C.C.P. art. 123 to transfer this matter to the 11th Judicial District Court in Sabine Parish. This argument, however, was premised upon UDS's position that venue was proper in Ouachita Parish. However, based upon our finding that venue was not in fact proper in Ouachita Parish, we do not reach this argument.