I,NORRIS, Chief Judge.
Appellant, Larry E. Winninger, seeks review of a judgment granting exceptions of improper venue filed on behalf of two defendants, Methodist Children’s Home and the Sheriff of Lincoln Parish, and transferring the case to the Third Judicial District Court, Parish of Lincoln.[1] For the reasons below, we clarify and affirm.
FACTS
Winninger and his former wife, Julie Ann Lee Brown, divorced in January 1993. At that time, they were awarded joint custody of their three children with Win-ninger designated as primary custodial parent subject to reasonable visitation by the mother. In 1996, Brown filed for modification, but the trial court ruled that Win-ninger would remain as the primary custodial parent. On March 30, 1997, while the children were at their father’s home in Ouachita Parish, two of the children left home in the early morning hours and called their mother. Brown then picked them up and took them to the Lincoln Parish Sheriffs Department alleging physical abuse by Winninger. The Sheriffs Department then placed the children in the Methodist Children’s Home (“the Home”), located in Lincoln Parish. The State of Louisiana through the Department of Social Services ( “the Department”) was also informed of the abuse complaint.
Following the placement of the two children in the Home, both the Sheriff and the Home informed Winninger not to have contact with his children. Additionally, an investigation was started by the Department into the children’s allegations and a continued custody hearing was scheduled for May 5,1997. Winninger did not see or talk to his children again until that hearing was held. 1 {.Eventually, in January 1998, the Department dismissed its case and the juvenile judge placed the original custody orders back in effect.
In March 1998, Winninger filed suit in the Fourth Judicial District Court, Ouachi-ta Parish, against several defendants, in- *238 eluding the Home, the Sheriff of Lincoln Parish (“the Sheriff’), the Department, Brown, and Jean Barmore, seeking declaratory, injunctive and monetary relief for deprivation of his civil rights to exercise child custody under the 1993 and 1997 court orders. Winninger also asserted that all the defendants acted under color of state law to conspire to deprive him of equal protection by orchestrating a scheme to keep him from contacting his two children for a period of 36 days. In response, all of the defendants, each a domiciliary of Lincoln Parish, filed exceptions of improper venue. Following a hearing in July 1998, the trial court rendered judgment with respect to the venue exceptions filed by the Home and the Sheriff. The court also ordered the case to be transferred to Lincoln Parish. This appeal by Winninger challenging that decision ensued.
DISCUSSION
The sole issue presented by appellant is whether or not the trial court correctly sustained the exceptions of improper venue as to the Sheriff and the Home. Relying exclusively on the opinion in Crockett v. Crockett, 588 So.2d 1230 (La.App. 1st Cir.1991), he maintains that venue is controlled by La. C.C.P. art. 74 which states that an action for the recovery of damages for an offense or quasi-offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. He argues that the wrongful conduct of his wife occurred in Ouachita Parish, that the violated custody order was issued by a Ouachita Parish court, and that he suffered emotional damages in Ouachita Parish, his residence, when the defendants refused to give him information about the well-being of his children.
J^Venue means the parish where an action or proceeding may properly be brought and tried pursuant to the rules regulating the subject. La. C.C.P. art. 41. The objection of improper venue raised in a declinatory exception declines the jurisdiction of the court because the action has not been filed in the correct parish. La. C.C.P. arts. 923 and 925(4).
Sheriffs and their departments are political subdivisions of the state. La. R.S. 13:5102. La. R.S. 13:5104 provides:
All suits filed against a political subdivision of the state ... shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
Furthermore, the provisions of 13:5104 are mandatory and thus, a political subdivision can be sued only in one of the two venues specified in the statute. Underwood v. Lane Memorial Hosp., 97-1997 (La.7/8/98), 714 So.2d 715; Sono-Topes, Inc. v. Franklin Parish Hosp. Service Dist. No. 1, 28,355 (La.App.2d Cir.2/28/96), 669 So.2d 612; Urban Management Corp. v. Shreveport Airport Authority, 602 So.2d 1055 (La.App. 2d Cir.), writ denied, 606 So.2d 542 (La.1992); Brian L. Heard General Contractor, Inc. v. Ward Two Water District, 97-0653 (La.App. 1st Cir.4/8/98), 708 So.2d 843. Thus, the exceptions provided for in La. C.C.P. arts. 71 through 77 are inapplicable in this case as to the Sheriff. See, Underwood v. Lane Memorial Hosp., supra; Sono-Topes, Inc. v. Franklin Parish Hosp. Service Dist. No. 1, supra; Brian L. Heard General Contractor, Inc. v. Ward Two Water District, supra.
As Lincoln parish is the domicile of the Sheriff, the only other possible venue under La. R.S. 13:5104 is the district court for the parish in which the “cause of action” arises. Reviewing the facts alleged in the present case, we find that the cause with respect to the Sheriff cannot be considered as arising in Ouachita Parish. The only actions allegedly taken by the Sheriff occurred after the Rchildren’s mother brought them to Lincoln Parish, even assuming they may have been picked up elsewhere. Thus, the only damaging acts *239 on the part of the Sheriff from which the present cause of action could have arisen occurred in Lincoln Parish.[2] Neither is there an allegation that the defendants conspired together to take the children from Ouachita Parish to Lincoln Parish. Moreover, we reject any argument that venue is proper in Ouachita Parish simply because plaintiff alleges he incurred mental damages in that parish by virtue of his domicile being there. See, Rodrigue v. East Jefferson General Hosp., 615 So.2d 1056 (La.App. 1st Cir.1993); Foster v. Breaux, 238 So.2d 803 (La.App. 1st Cir. 1970); Coursey v. White, 184 So.2d 625 (La.App. 4th Cir.1966); see also, Belser v. St. Paul Fire & Marine Ins. Co., 509 So.2d 12 (La.App. 1st Cir.1987); King v. National Bank of Bossier City, 420 So.2d 1024 (La.App. 5th Cir.1982). Consequently, Lincoln Parish is the only venue in which the Sheriff can be sued.
Regarding the Home, we similarly observe that the only actions allegedly taken by that defendant occurred in Lincoln Parish. Thus, as previously discussed, we reject the argument that the actions by the Home in Lincoln Parish could make Oua-chita Parish a proper venue by causing appellant to suffer mental anguish in Oua-chita Parish. La. C.C.P. article 74 does not provide venue in such a situation.[3] See, Foster, supra; Coursey, supra. Accordingly, Ouachita Parish is not a parish of proper venue as to the Home.
| ^Additionally, as to both the Sheriff and the Home, we find Crockett v. Crockett, supra, distinguishable on its facts in that it involved no mandatory venue as to one of the parties, and to the extent it can be read as reaching an opposite position to Foster, supra, and Coursey, supra, we would reject that position.
In conclusion, we note that while all five defendants filed exceptions of improper venue, only the Sheriff and the Home set their exceptions for hearing on July 24, 1998; thus, the court could properly rule on only those two exceptions of improper venue.[4] For the reasons set forth above, we affirm the trial court’s ruling on both exceptions. Nonetheless, the language of the trial court judgment apparently transfers the entire case to Lincoln parish without having conducted a hearing or ruling on the motions of the other defendants. To the extent that the judgment can be read to affect those remaining defendants, we clarify and limit it to transfer the case only as to the Sheriff and the Home. Nevertheless, considering the case in its entirety and in the interest of justice, we observe that Lincoln parish is.in all likelihood the only convenient and proper venue for all defendants and this should be taken into consideration by the district court in ruling on the pending exceptions. Indeed, even in cases where separate claims involving common or identical questions of fact share no common venue, the concept of *240 ancillary venue has been applied to allow such claims to be tried together, even though venue is not proper technically for one claim or party. See, Underwood v. Lane Memorial Hosp., supra.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is clarified and affirmed as clarified at appellant’s cost.
CLARIFIED AND AFFIRMED AS CLARIFIED.

. A judgment sustaining or overruling an exception to venue may cause irreparable harm and thus, is an appealable interlocutory judgment. Caldwell v. VAC Federal Credit Union, 545 So.2d 697 (La.App. 2d Cir.1989); see also, Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) and La. C.C.P. art.2083.

. At the hearing on these venue exceptions, plaintiff contended in argument and in a pretrial memorandum that the mother had picked up the two children in Ouachita Parish. However, no evidence, via testimony or otherwise, was presented to establish this fact. We note that it is well established law that arguments of counsel are not to be considered as evidence.

. We additionally note that Winninger also argued in district court that La. C.C.P. article 73 created venue in Ouachita Parish. This is incorrect; even if the children's mother and the home are joint or solidary obligors, article 73 provides that an action against such obli-gors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant. With respect to the state entities. La. R.S. 13:5104 exclusively governs ventie and Article 42 is simply inapplicable. See, Underwood v. Lane Memorial Hosp., supra. As to the Home, Brown, and Barmore, they are alleged to be domiciliarles of Lincoln parish and thus, venue under Article 42 is proper as to them in that parish only and not Ouachita. Finally, it is clear that this case does not involve one of the exceptions to article 42 in which the plaintiff's domicile is a proper venue.

.The hearing was attended only by counsel for Winninger, the Home, and the Sheriff. None of the remaining parties was represented or present at that time to argue their own separate venue exceptions.