889 So.2d 1186 (2004)
NATIONAL LINEN SERVICE, Plaintiff-Appellee,
v.
CITY OF MONROE, Defendant-Appellant.
No. 39,199-CA.
Court of Appeal of Louisiana, Second Circuit.
December 15, 2004.
*1187 Carlton Parhms, City Attorney, La Koshia R. Roberts, Assistant City Attorney, for Appellant.
Weems, Schimpf, Gilsoul, Haines & Carmouche by Kenneth P. Haines, Shreveport, for Appellee.
Before BROWN, CARAWAY, and LOLLEY, JJ.
*1188 BROWN, C.J.
Defendant, the City of Monroe, appeals from the judgment of the trial court denying both its declinatory exception of improper venue and its alternative motion to transfer the case under the doctrine of forum non conveniens. For the reasons expressed below, the judgment of the trial court is affirmed.

Facts
On July 8, 2002, plaintiff, National Linen Service ("National Linen"), entered into a five-year contract with the Monroe Civic Center through its Director of Operations, Roger Cloman, to provide the civic center with linens on a rental basis and to be responsible for the laundering of those linens for the duration of the contract. In September 2003, the civic center informed National Linen that it had entered into a new contract with another vendor and was terminating its contract with National Linen. On November 18, 2003, National Linen forwarded correspondence to the Monroe Civic Center requesting that it reconsider its decision, and, in the alternative, making demand for liquidated damages as a result of the civic center's breach of contract. A similar request was issued by National Linen's attorney on November 25, 2003, via certified mail.
Thereafter, on February 9, 2004, National Linen filed suit in the 1st Judicial District Court, Caddo Parish, against the City of Monroe for damages incurred as a result of the civic center's breach of the five-year contract approximately four years before the expiration of the contractual term. In its petition, National Linen alleged, inter alia, that the laundering of the linens provided for in the contract took place exclusively at National Linen's laundering facilities in Shreveport. On March 8, 2004, the city filed a declinatory exception of improper venue and a motion to transfer the case to Ouachita Parish under the doctrine of forum non conveniens.
The motions were heard on April 5, 2004. After hearing oral argument from both parties, the trial court denied both the exception of improper venue and the motion to transfer. It is from this judgment that the city has appealed.

Discussion
La. R.S. 13:5104(B) provides:
All suits against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
The venue provisions of La. R.S. 13:5104(B), which apply to suits against political subdivisions of the state, are mandatory. UDS Management Corp. v. Ebarb Waterworks District No. 1, 32,103 (La.App.2d Cir.02/24/99), 728 So.2d 952, writ denied, 99-1175 (La.06/04/99), 744 So.2d 630; Brian L. Heard General Contractor, Inc. v. Ward Two Water District of Livingston Parish, 97-0653 (La.App. 1st Cir.04/08/98), 708 So.2d 843.
As held by the supreme court in Underwood v. Lane Memorial Hospital, 97-1997 (La.07/08/98), 714 So.2d 715, 718, the use of the word "shall" in La. R.S. 13:5104(B) indicates a legislative intent that a single political subdivision can be sued only in one of the two specified parishes and no other exceptions [to the statutory venue provisions] are applicable. See also White v. Beauregard Memorial Hospital, 02-0902 (La.06/14/02), 821 So.2d 481; Risener v. Hospital Service District No. One of the Parish of Terrebonne, 01-2755 (La. *1189 App. 1st Cir.11/08/02), 834 So.2d 480, writ denied, 03-0142 (La.03/21/03), 840 So.2d 536.
The defendant in this breach of contract suit is the City of Monroe, a political subdivision, and as such, the action clearly falls within the parameters of La. R.S. 13:5104(B). Ouachita Parish, in which the City of Monroe is located, is a parish of proper venue under this provision. The dispute centers around "the parish in which the cause of action arises." The city contends that Ouachita Parish is the parish in which the cause of action arises, while National Linen argues that Caddo Parish is the parish in which the cause of action arises.
As pointed out by this court in Sono-Topes, Inc. v. Franklin Parish Hospital Service District # 1, 28,355 (La.App.2d Cir.02/28/96), 669 So.2d 612, 614, superseded by statute as stated in UDS Management Corp., supra, the "cause" of the prior version of La. R.S. 13:5104(B) is not synonymous with the "cause of action" of the current provision, but is a narrower concept, roughly analogous to a theory of recovery. "Cause of action" embraces both the cause and the demand and is related to the party making the demand. Cantrelle Fence and Supply Co., Inc. v. Allstate Insurance Co., 515 So.2d 1074 (La.1987); Clarendon National Insurance Co. v. Belt, 33,997 (La.App.2d Cir.08/25/00), 766 So.2d 717, writ denied, 00-2673 (La.11/17/00), 774 So.2d 982; Sono-Topes, Inc., supra.
In the instant case, the "cause" of this litigation is the alleged breach by the City of Monroe of its obligation to make payments under the five-year contract for the rental and laundering of linens to be provided by National Linen. The work to be performed under this contract was to take place primarily at National Linen's Shreveport facility; the linens to be provided to the civic center were ordered in, laundered in, delivered from and returned to Shreveport. Payment was made to National Linen in Shreveport. The contract signed by both parties specifically provides that National Linen would perform services for the City of Monroe that necessarily involved work in Caddo Parish. Considering both the cause, an alleged breach of contract by the City of Monroe, and the demand, the payment of damages as stipulated in the contract signed by the parties, as well as the party making the demand, National Linen, we find venue to be proper under La. R.S. 13:5104(B) in Caddo Parish as the parish in which the cause of action arises.[1]
Defendant next asserts that the trial court erred in denying its motion to transfer the case under the doctrine of forum non conveniens. National Linen, however, cites La. C. Cr. P. art. 123(A) in support of its argument that denial of the motion to transfer was within the trial court's discretion and therefore must be affirmed.
La. C.C.P. art. 123(A) provides:

*1190 For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court's own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought; however, no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this Article.
When determining whether a case should be transferred on the grounds of forum non conveniens, a trial judge should consider the following factors: (1) convenience of the parties and witnesses; (2) access to the sources of proof and evidence, as well as viewing of the premises, if required; (3) costs of obtaining attendance of witnesses; and(4) advantages and obstacles to a fair trial. Lamb v. Highlines Construction Co., 541 So.2d 269 (La.App. 4th Cir.1989).
A plaintiff's choice of forum is entitled to great weight and should not be disturbed absent a showing that the convenience of all parties and the interests of justice require that the litigation should proceed elsewhere. Lamb, supra. The burden of such a showing is on the mover. Id.
Having reviewed the record, we are unable to say that the trial court abused its discretion in denying the city's motion to transfer. Defendant made no showing as to the identity and number of witnesses or as to the costs of obtaining their attendance at trial should the matter proceed in Caddo Parish. Likewise, defendant did not present evidence as to what source(s) of proof would be more conveniently obtained in Ouachita Parish. While we acknowledge that defendant's witnesses reside in Ouachita Parish, this is, not in and of itself, sufficient to disregard plaintiff's choice between two appropriate venues, keeping in mind that plaintiff's witnesses, in all probability, are located in Caddo Parish. This assignment of error is without merit.

Conclusion
For the reasons set forth above, the judgment of the trial court is AFFIRMED. To the extent allowed by law, costs are assessed to defendant, the City of Monroe.
NOTES
[1] The instant case is distinguishable from this court's prior holding in UDS Management Corp., supra, in two ways. First, in that case, all of the work to be performed under the contract between the water district and plaintiff, i.e., the supervision, operation, repair and maintenance of the waterworks, the physical facilities of which were located in Sabine Parish, was to be performed in Sabine Parish, the parish in which the water district was domiciled. Second, the cause of action, which included claims of breach of contract, wrongful termination of contract and violation of Louisiana's Open Meetings Law, allegations which, if true, involved conduct that occurred exclusively in Sabine Parish, centered upon the main governmental function of the waterworks district. Thus, no alternative venue was available in UDS Management Corp.