723 So.2d 541 (1999)
J & L INDUSTRIES, L.L.C. Plaintiff-Appellee,
v.
Larry E. "Joe" REEVES, Defendant-Appellant.
No. 31,742-CA
Court of Appeal of Louisiana, Second Circuit.
January 7, 1999.
*542 Theus, Grisham, Davis & Leigh By Edwin K. Theus, Jr., Monroe, for Defendant-Appellant Charles E. DeCrane and Custom Design, Inc.
Cook, Yancey, King & Galloway By Jerald R. Harper, Shreveport, for Plaintiff-Appellee J & L Industries, L.L.C.
Bryant H. Graves, West Monroe, for Defendant-Appellee Larry E. "Joe" Reeves.
Bobby C. Taylor, In Proper Person Defendant-Appellee.
Before WILLIAMS, STEWART and CARAWAY, JJ.
WILLIAMS, Judge.
In this action to enjoin the use of proprietary information, the plaintiff, J & L Industries, L.L.C., filed its first amended petition in Caddo Parish and named as a defendant Custom Equipment Design, Inc. ("Custom"), which is located in Ouachita Parish. Custom appeals a judgment overruling its exception of improper venue. For the following reasons, we reverse and remand.

FACTS
J & L Industries, L.L.C. ("J & L") is a Wyoming limited liability company with its principal place of business situated in Caddo Parish, Louisiana. J & L manufactures a specialty folder/gluer machine used in the corrugated paper industry. Larry Reeves, who is domiciled in Ouachita Parish, was employed by J & L as Vice President of Sales at the Caddo Parish location. In January 1996, J & L and Reeves entered into a severance agreement, which terminated Reeves' employment. Reeves agreed not to use or disclose any proprietary and confidential information acquired during his employment with J & L.
Subsequently, J & L learned that Reeves had begun a business to manufacture and sell a specialty folder/gluer machine that was substantially similar to J & L's product. The plaintiff, J & L, filed a petition for damages in Caddo Parish alleging that the defendant, Larry Reeves, had breached the severance agreement, and seeking preliminary and permanent injunctions to prevent Reeves from using plaintiff's proprietary information. In a deposition, Reeves stated that he was working with Custom Equipment Design, Inc., a Louisiana corporation located in Ouachita Parish. Custom manufactures and sells various types of machinery.
The plaintiff next deposed Custom's owner and president, Charles DeCrane, and three employees who were involved with the design and production of Custom's new folder/gluer machine. In April 1998, J & L filed an amended petition naming Custom and Bobby Taylor, a former J & L employee, as defendants. The petition alleges that Reeves and Taylor delivered to Custom confidential and proprietary documents of the plaintiff, *543 including photographs and drawings of the J & L machine and portions of a customer manual. Plaintiff sought damages, a preliminary and permanent injunction restraining Custom from using this confidential information in the production of a folder/gluer machine, and the return of the material.
In response to the plaintiff's amended petition, Custom filed a declinatory exception of improper venue, contending that plaintiff was required to file its action in Ouachita Parish. The trial court overruled the exception. Custom appeals the judgment.

DISCUSSION
Custom contends the trial court erred in overruling its exception of improper venue. Custom argues that the proper venue for this action is Ouachita Parish, where the alleged wrongful acts occurred and plaintiff sustained damage.
LSA-C.C.P. art. 41 defines venue as the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. In general, an action against a domestic corporation shall be brought in the parish where its registered office is located. LSA-C.C.P. art. 42(2).
An exception to the general venue rule, LSA-C.C.P. art. 74, provides that an action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. It is well established that Article 74, as an exception to the general venue rule of Article 42, must be strictly construed and a party claiming the benefit of the exception must bring himself clearly within the exception. Belser v. St. Paul Fire and Marine Ins. Co., 509 So.2d 12 (La.App. 1st Cir.1987), and cases cited therein.
The rule for determining the proper venue for tort suits under Article 74 was stated in Belser, supra, which involved a St. Helena Parish resident who underwent heart bypass surgery in East Baton Rouge Parish. He filed suit in St. Helena Parish alleging that surgery complications caused the loss of his eyesight in that parish. The court found that venue was proper only in East Baton Rouge Parish, where the surgery was performed.
The court reasoned that if any damage is caused to the plaintiff in the parish where the wrongful conduct occurred, that is the parish where the damages were sustained for purposes of Article 74. Even if the initial damage progressed thereafter in another parish, the second parish would not become one in which the damages were sustained. Belser, supra. This court has previously applied the Belser analysis in a tort action. See Keele v. Knecht, 621 So.2d 106 (La.App. 2d Cir.1993).
The decision as to which parish is the proper venue requires a determination of the parish where the wrongful conduct occurred or the damages were sustained. Plaintiff's petition alleges that Custom's wrongful conduct occurred in Ouachita Parish, including the misappropriation of plaintiff's confidential information and the production of a competing folder/gluer machine. However, plaintiff argues that as a consequence of Custom's sale agreements with potential buyers of its machine, J & L has sustained and continues to sustain damages only in Caddo Parish, and so venue is proper in that parish.
In support of its argument, plaintiff cites Simmons v. Templeton, 96-0592 (La.App. 4th Cir. 11/27/96), 684 So.2d 529, in which the sellers of stock filed suit in Orleans Parish alleging damages from the buyer's fraud in a sale. The court found that because the sellers received a misleading financial report and entered into the transaction in Orleans Parish, venue was proper in that parish. The court also noted that the individuals had not sustained damage in the parish where the wrongful conduct, preparation of the report, had occurred.
However, the factual situation in Simmons, supra, can be distinguished from that in the present case. In Simmons, the sellers were not damaged by the initial preparation of the misleading financial report, but by their subsequent reliance on the report's misrepresentations when they agreed to the sale in Orleans Parish. In contrast, the plaintiff's claim is not based on a representation made by Custom in Caddo Parish. Rather, plaintiff's *544 petition and brief allege that it has been damaged by Custom's wrongful use of J & L's confidential information in manufacturing a folder/gluer and by any sales of such a machine. The record shows that the production and sale of Custom's folder/gluer machine would occur in Ouachita Parish. Thus, the plaintiff has sustained damage in Ouachita Parish.
This conclusion is supported by the case of United Brotherhood of Carpenters v. Caldwell, 552 So.2d 462 (La.App. 4th Cir.1989), in which a labor union filed suit in Orleans Parish, alleging that it sustained damages in that parish as a result of an oil company's wrongful conduct in another parish. The court found that despite the union's allegation that its damages continued in Orleans Parish, venue was proper only in St. Bernard Parish, where the union was damaged when the oil company retained a non-union contractor.
Similarly in the present case, although the plaintiff asserts that its damages continue to progress in Caddo Parish, any such damage was first sustained in Ouachita Parish, where Custom allegedly misused the plaintiff's confidential information in designing a folder/gluer machine. Consequently, applying the reasoning of Belser in the present case, we conclude that venue is proper in Ouachita Parish, where plaintiff initially sustained its alleged damage and where Custom's wrongful conduct allegedly occurred.
Multiple Claims
The plaintiff also argues that when a party institutes an action with more than one theory of recovery arising out of the same set of facts, venue is proper as to any theory and the court may decide all claims. Plaintiff contends that because venue is proper in Caddo Parish for its contract claim against Reeves, that is the parish of proper venue for plaintiff's tort claim against Custom.
In support of its argument, plaintiff cites several cases, including Aetna Insurance Co. v. Naquin, 488 So.2d 950 (La.1986) and Albritton v. McDonald, 363 So.2d 925 (La.App. 2d Cir.1978). However, the factual circumstances of these cases can be distinguished from those of the present case. Both Aetna and Albritton involved multiple claims against the same defendant. Here, plaintiff has asserted only a tort claim against Custom, and there is no other claim against this defendant on which to establish venue. The cases cited by plaintiff do not support its position that proper venue for a contract claim against one defendant is sufficient to provide venue for a separate tort claim against a different defendant.
Nor is the plaintiff's contention supported by LSA-C.C.P. art. 73, which provides that an action against joint obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant. Here, the plaintiff has asserted that venue is proper in Caddo Parish for this action based not on Reeves' domicile, as provided in Article 42, but on the basis of the contract claim pursuant to LSA-C.C.P. art. 76.1. Consequently, even if defendants were considered jointly liable for damages, the plaintiff's argument, that the venue for its contract claim against Reeves affords a basis for venue of its tort claim against Custom, lacks merit.
Ancillary Venue
The plaintiff argues that venue is proper in Caddo Parish under the concept of ancillary venue. The doctrine of ancillary venue applies when separate claims involving common or identical fact questions do not share a common venue. Underwood v. Lane Memorial Hospital, 97-1997 (La.7/8/98), 714 So.2d 715.
Appellate courts have extended this concept to the multiparty context when venue is proper as to only one defendant. International Stevedores, Inc. v. Hanlon, 499 So.2d 1183 (La.App. 5 th Cir.1987). In this context, the doctrine of ancillary venue applies when there is one claim against two parties arising out of one factual circumstance. Underwood, supra.
However, that is not the situation which exists in the present case. Although the action arises out of a common factual circumstance, the plaintiff has asserted two different claims against separate defendants. In addition, a lack of common venue has not been demonstrated. Thus, the concept of *545 ancillary venue is inapplicable to the present case. The plaintiff's argument lacks merit.
The chief concern of the venue articles is to provide a convenient place for trials. Keele v. Knecht, supra. Here, as discussed above, the damage was sustained in Ouachita Parish, where two of the defendants, Custom and Reeves, are domiciled and where the alleged wrongful conduct occurred. Therefore, based upon the record in this matter, we conclude that venue is proper in Ouachita Parish, not in Caddo Parish.
When an action is filed in a court of improper venue, an appellate court has the discretion to dismiss the action, or in the interest of justice, transfer it to a court of proper venue. LSA-C.C.P. art. 121; Keele v. Knecht, supra. We elect to transfer this case to a proper venue.

DECREE
For the foregoing reasons, the district court's judgment overruling the declinatory exception of venue is reversed, and judgment is entered herein sustaining the exception and remanding this matter to the district court, with instructions to transfer the entire action, including all defendants, to the Fourth Judicial District Court, Parish of Ouachita, for further proceedings. Costs of this appeal are assessed to the appellee, J & L Industries, L.L.C.
REVERSED AND REMANDED.