JjDREW, J.
A police officer for the City of Bastrop from March 15, 1951 through June 15, 1956, Huey Singley sued the city in February 1998 for benefits from wage deductions allegedly contributed to a pension for the benefit of Bastrop policemen. While overruling the city’s exceptions of no cause and no right of action, the trial court sustained the city’s exception of prescription based upon La. C.C. art. 3494 which provides a three-year prescriptive period for actions to recover compensation for services. The judgment of the trial court is reversed and the matter is remanded for further proceedings.

FACTS AND PROCEDURAL BACKGROUND

Singley alleged that during his employment with the city, Bastrop had a retirement program in which a portion of his salary (approximately 2%) was deducted and paid into a pension for police officers along with the city’s contribution of approximately 3% of his pay. When Singley left the police force June 15, 1956, the city kept and maintained the funds which plaintiff never withdrew or otherwise removed.
In 1978, the City of Bastrop Police Retirement Plan merged with the Municipal Police Employees Retirement System (MPERS). The city supplied the MPERS a list of active police officers, retirees and survivors of police officers who contributed to the city’s police pension. No inactive police officers were included in the list and merger. Singley was not an active police officer in 1978 and was not included in the merger. Subsequently, Singley continued to work in law enforcement and later became eligible to receive retirement benefits with the Sheriffs Pension and Relief Fund.
Singley alleged that numerous requests to the City of Bastrop and to the MPERS for an accounting of his benefits and for payment of those benefits were to no avail. He sought judgment directing the city to make an accounting of those [2benefits that he would be due if he had been properly included in the merger with the MPERS, and he further sought judgment requiring the City of Bastrop to pay benefits to him as if he had been properly included in the merger.
In response to Singley’s petition, the city raised several exceptions. At the hearing on the exceptions, plaintiff testified that he retired from the Morehouse Parish Sheriffs Office on July 1, 1996 with a partial pension. Over objections from the city as to authenticity, the trial court admitted documents purporting to show deductions from Singley’s salary prior to his leaving until he left the force in 1956. Placed into evidence without objection was City of Bastrop Ordinance No. 2921 in which the city authorized the merger of the Bastrop Police Pension and Retirement Fund with the MPERS.
The trial court, also over the city’s objection as to authenticity, admitted a letter to plaintiff from the MPERS which stated that in the November 1, 1978 merger, only active police along with retirees and survivors were included in the merger; no inactive police were included. The letter also reported that MPERS does not delete records as long as there is money or credit on the record. Finally, the correspondence stated that MPERS has nothing on Singley who was not included in the merger. Singley testified he first learned about this error three or four years before the litigation.
*149 While the court denied exceptions of no cause of action and no right of action, the court concluded that Singley’s cause of action was barred by the three-year prescriptive period of La. C.C. art. 3494 which directs that actions for compensation for services must be commenced within three years. In its written ruling, the trial court stated that Singley never withdrew any of the retirement funds which had accrued to his benefit. The city’s police retirement was merged |gwith the Louisiana Municipal Police Retirement System in 1978 and the city did not include Singley’s name in the merged system.
While overruling the other exceptions, the judgment sustained the exception of prescription and dismissed Singley’s action. For the reasons that follow, we must reverse.

DISCUSSION

Considering the allegations of Sing-ley’s petition, and considering the system of fact pleading employed in this state, we conclude that Singley is seeking a calculation of the benefits that should be due to him based upon the wage deductions that were contributed to the city’s pension plan prior to the time the city’s plan merged with the Municipal Police Employees Retirement System. Additionally, Singley is seeking payment(s) based upon proper retirement calculations.
Under the provisions of La. R.S. 11:2225.3, any unclaimed employee contributions, other funds, checks, or any other property held by the Municipal Police Employees’ Retirement System that could be claimed by a member or prior member, the member’s beneficiary, heirs, or estate, shall never be presumed abandoned and shall be held continuously by the retirement system for the benefit of such member, prior member, the member’s beneficiary, heirs, or estate. Provisions such as these are typical protections for those employed in state retirement systems. Compare the provisions of La. R.S. 11:540 concerning the State Employees Retirement System. Furthermore, the scheme of our retirement systems law not only contemplates reciprocal recognition of credited service in state, parochial, and municipal systems, but also contemplates a former member’s option to repay refunded contributions in order to reestablish credited service. See the provisions of La. R.S. 11:141 et seq.
1 ¿These statutory provisions, and the rationale behind them, show that Singley’s claims concerning the money that he contributed to retirement when he was a Bas-trop city policeman have not prescribed under the facts presented. Singley did not abandon his claim to the money paid into the city’s retirement fund, and he is entitled not only to find out what benefits are due him, but also to collect benefits that are due him. This would be true if Singley had been a member of the Municipal Police Employees Retirement System from the beginning, and it should be no less true because the city’s plan was merged with the Municipal Police Employees Retirement System plan, or because of any mistakes made when that merger occurred. The legislature’s recognition of the vital importance of an individual’s retirement plan and benefits underlies the prohibition against a presumption of abandonment, and also defeats prescription here. Sing-ley may pursue his claim for funds or benefits arising out of deductions and contributions to his credit with the City of Bastrop.
Of course, any relief Singley ultimately obtains may come from the Municipal Police Employees Retirement System which is not a party to this litigation. However, even if a peremptory exception of no right of action or of non-joinder of a party had been sustained in this case, our law requires that when the grounds of an objection pleaded by a peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within a delay allowed by the court. La. C.C.P. art. 934. Accordingly, dismissal of this *150 case is not warranted, and the trial court’s judgment dismissing this action is hereby-reversed. The matter is remanded for further proceedings.
REVERSED AND REMANDED.