759 So.2d 292 (2000)
Hugh SINGLEY, Plaintiff-Appellee,
v.
CITY OF BASTROP, Defendant-Appellee, and
Municipal Police Employees' Retirement System, Defendant-Appellant.
No. 33,247-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 2000.
*293 A. Randall Roche, Baton Rouge, Counsel for Defendant-Appellant Municipal Police Employees' Retirement System.
L. Douglas Lawrence, Bastrop, Counsel for City of Bastrop.
Travis M. Holley, Bastrop, Counsel for Plaintiff-Appellee, Hugh Singley.
Before GASKINS, CARAWAY and DREW, JJ.
DREW, J.
At issue in this appeal is the proper venue for Huey Singley's action brought in Morehouse Parish to recover benefits from retirement fund wage deductions made during his employment on the Bastrop Police Department from 1951 until 1956. This matter has previously been before this court. In Singley v. City of Bastrop, 31,823 (La.App.2d Cir.5/5/99), 737 So.2d 147, this court rejected the city's assertion that Singley's claim had prescribed. In 1978, the City of Bastrop Police Retirement Plan merged with the Municipal Police Employees Retirement System (MPERS). This court noted that any relief to which Singley may be entitled may come from MPERS which was not a party to Singley's action against the city. On the remand for further proceedings, Singley added MPERS as a defendant. MPERS responded with an exception as to venue which the trial court denied. This appeal followed. For the reasons set out below, the judgment is affirmed.

LAW
La. C.C.P. art. 84 states:
Actions involving the Louisiana State Employees' Retirement System, State Employees' Group Benefits Program, State Police Pension and Relief Fund, Louisiana School Employees' Retirement System, Louisiana School Lunch Employees' Retirement System, Teachers' Retirement System of Louisiana, Assessors' Retirement Fund, Clerks of Court Retirement and Relief Fund, District Attorneys' Retirement System, Municipal Employees' Retirement System of Louisiana, Parochial Employees' Retirement System of Louisiana, Registrar of Voters Employees' Retirement System, Sheriffs' Pension and Relief Fund, Municipal Police Employees' Retirement System, or the Firefighters' Retirement System shall be brought in the parish of East Baton Rouge or in the parish of the domicile of the retirement system or employee benefit program.
La. R.S. 13:5104(B) provides, in pertinent part:
B. All suits filed against a political subdivision of the state ... shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.

DISCUSSION
Venue refers to the parish where an action or proceeding may properly be brought and tried pursuant to the rules regulating the subject. La. C.C.P. art. 41. The objection of improper venue raised in a declinatory exception declines the jurisdiction *294 of the court because the action has not been filed in the correct parish. La. C.C.P. arts. 923 and 925(4). A judgment sustaining or overruling an exception to venue may cause irreparable harm and thus is an appealable interlocutory judgment. Winninger v. State ex rel. Dept. of Social Services, 32 086 (La.App.2d Cir.8/18/99), 740 So.2d 236, writ denied, 99-2725 (La.11/24/99), 750 So.2d 990.

Venue for MPERS
The Legislature created MPERS in La. R.S. 11:2211, which gave MPERS all the powers and privileges of a corporation. While MPERS' domicile is not designated, the pleadings show that MPERS is located in East Baton Rouge Parish. An affidavit by the director of MPERS stated that MPERS never maintained an office, domicile or place of business in Morehouse Parish. The only correct venue for a suit against MPERS, therefore, is East Baton Rouge Parish. The language in La. C.C.P. art. 84 makes that a mandatory venue for MPERS.
Although filed before the effective date of La. C.C.P. art. 84, Danley v. State Employees Group Benefits Program, 426 So.2d 384 (La.App. 2d Cir.1983) noted that Art. 84 establishing venue for a number of state retirement systems (including MPERS) was evidence of the strong legislative intent that East Baton Rouge Parish be the venue for the Sheriff's Pension and Relief Fund involved in the Danley litigation.

Venue for the City of Bastrop
The City of Bastrop is a political subdivision of the state. La. Const. Art. 6, §§ 2, 3. La. R.S. 13:5104(B) directs that venue for actions against political subdivisions are to be brought before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises. While conceding, in brief, that venue for suits against the City of Bastrop is governed by La. R.S. 13:5104(B), MPERS contended that the alternative language of La. R.S. 13:5104(B) meant the venue designated in the statute is not mandatory. MPERS requested that this entire matter be transferred to East Baton Rouge Parish. Alternatively, MPERS sought to have the claim against MPERS transferred to East Baton Rouge Parish while the claim against the city proceeded in Morehouse Parish.
Venue in La. R.S. 13:5104(B) for suits against political subdivisions is mandatory. See UDS Management Corp. v. Ebarb Waterworks Dist. No. 1, 32,103 (La. App.2d Cir.2/24/99), 728 So.2d 952, writ denied, 99-1175 (La.6/4/99), 744 So.2d 630. This cause of action arose out of the fact that the city and/or MPERS is holding retirement payroll deductions from Singley. Singley's theory of recovery is that the city and/or MPERS owes him retirement benefits derived from those deductions made in Bastrop, Morehouse Parish, while Singley was employed there. Any accounting made to or benefits paid to Singley would occur in Morehouse Parish where he is a domiciliary. The correct and mandatory venue for the City of Bastrop is Morehouse Parish under both alternatives of La. R.S. 13:5104(B).

Conflicting Mandatory Venues
East Baton Rouge Parish is the mandatory venue for the claim against MPERS and Morehouse Parish is the mandatory venue for suing Bastrop. When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue. La. C.C.P. art. 121. In Coleman v. Fisher Lumber Corp., 28,446 (La.App.2d Cir.6/26/96), 677 So.2d 678, writ denied, 96-1789 (La.9/3/96), 678 So.2d 558, this court dismissed the action without prejudice against one of multiple defendants so that the plaintiff could still bring an action in a court of proper venue against the dismissed party.
*295 Art. 121 would also permit this court to transfer Singley's action against MPERS to East Baton Rouge Parish while maintaining the action against Bastrop in Morehouse Parish. See J & L Industries, L.L.C. v. Reeves, 31,742 (La.App.2d Cir.1/7/99), 723 So.2d 541. After considering the case as a whole, we find that neither the interests of justice nor economic use of judicial resources would be served by either resolution under La. C.C.P. art. 121.
The concept of ancillary venue has been invoked to permit pending matters to be tried together even though venue is not proper technically for one claim or one party. See discussion in Winninger v. State, Dept. Soc. Services, supra. The doctrine of ancillary venue applies when separate claims involving common or identical fact questions do not share a common venue. Ancillary venue has been extended to multiparty disputes when venue is proper as to only one defendant. In that situation, ancillary venue is used when there is one claim against two parties arising out of one factual circumstance. J & L Industries, L.L.C. v. Reeves, supra; Underwood v. Lane Memorial Hospital, 97-1997 (La.7/8/98), 714 So.2d 715.
This dispute arises out of a single factual situation. Singley seeks retirement benefits from payroll deductions made from 1951 to 1956 by the City of Bastrop which later merged its policemen's pension fund with MPERS. A trial will be necessary to determine what benefits and from what entity(ies) any payments may be due to Singley. The interests of judicial economy and conservation of judicial resources of the relevant district and appellate courts would not be served by requiring this matter to be tried in the two different mandatory venues. Due to the unique circumstances in this particular case, this court invokes the doctrine of ancillary venue in this specific limited situation and finds that Morehouse Parish, where the facts arose and the potential recipient of retirement benefits resides, is the most convenient and efficient venue for resolution of this dispute.

DECREE
For the reasons stated, the judgment of the trial court which overruled MPERS' exception as to venue in Morehouse Parish is affirmed. The matter is remanded for further proceedings consistent with this opinion.
AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.