^MURRAY, Judge.
Plaintiff, Richard Glover, appeals the judgment of the Orleans Parish Civil District Court maintaining defendants’ exception of improper venue and ordering that his action be transferred to Jefferson Parish. For the following reasons, we reverse.
Mr. Glover filed suit on July 10, 1996, against the city of Gretna and two Jefferson Parish police officers employed by the city of Gretna. The petition alleges that, on July 13,1995, while the officers had Mr. Glover detained in the vicinity of Burmas-ter Avenue and LeBouef Court in Orleans Parish, gunfire erupted from the nearby Fischer housing development, and both he and the two officers ran for cover, but Mr. Glover ran in a different direction from the officers. Mr. Glover further alleges that the officers then released their canine, Oscar, which chased and caught him, inflicting severe dog bite wounds to his left arm. The plaintiff contends that the release of the dog constituted an excessive use of force under the circumstances, and seeks damages under Louisiana Civil Code article 2315.
lj.The city of Gretna was served in July of 1997. The city answered the petition in September of 1997, and subsequently attempted to have the case removed to federal court. On January 20, 1998, the federal district court remanded the case to the Orleans Parish court. The two individual defendants answered the petition in April of 1998. The record reflects that defendants conducted extensive discovery. Then, on July 16, 1999, all three defendants filed an exception of improper venue, contending for the first time that the lawsuit should have been brought in Jefferson Parish. The trial court heard the exception on August 6,[1] and on August 26, 1999, *1168 rendered judgment without written reasons granting the exception and ordering the matter transferred to the 24th Judicial District Court in Jefferson Parish. Mr. Glover now appeals that ruling.[2]
None of the parties dispute that the proper venue for this action is governed by La. R.S. 13:5104(33), which states:
All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
The basis of defendants’ exception is that the arrest of Mr. Glover took place on Burmaster Street in Jefferson Parish, and that therefore the cause of action arose in Jefferson Parish. Defendants contend that the statute mandates that the action be brought in Jefferson, which is also the location of the city of Gretna. In support of | stheir exception, defendants submitted affidavits of the two police officers, in which each stated that Mr. Glover was initially taken into custody at a location on Burmaster Street, which is in Jefferson Parish, and then he fled across an open field before being recaptured with the assistance of the canine. In opposition, Mr. Glover relies on the police report of the incident reflecting that, after fleeing, he was recaptured in the vicinity of Whitney Avenue and Burmaster Street, which Mr. Glover asserts is in Orleans Parish. Apparently, Mr. Glover was initially stopped by police in Jefferson Parish, but he fled across the parish line into Orleans, where the dog pursued and attacked him.
Defendants argue that the final act of Mr. Glover’s arrest cannot be disassociated from the inception of the arrest in Jefferson Parish. The trial court apparently agreed, and therefore sustained the exception. Plaintiff, however, citing Avenal v. State Dept. of Natural Resources, 95-0836, 95-2421, p. 3 (La.App. 4 Cir. 11/30/95), 668 So.2d 1150, 1151, asserts that his cause of action arose in Orleans Parish, where the dog actually bit him, because that is the place where the operative facts occurred which support his entitlement to recovery. Alternatively, Mr. Glover argues that the trial court should have denied defendants’ exception of improper, venue because it was not raised timely and therefore was waived. Because we find Mr. Glover’s waiver argument to be valid, we need not address the issue of where his cause of action arose.
An objection to venue is raised by means of a declinatory exception, which must be pleaded prior to or in the answer of the objecting party. See La.Code Civ. |4Pro. arts. 925, 928. Moreover, article 44 of the Code of Civil Procedure states, in pertinent part:
The venue provided in Articles 2006, 2811, 2812, 3941, 3991, 4031 through 4034, 4541, and 4542 may not be waived.
Except as otherwise provided in this article or by other law, any objection to the venue, including one based on any article in this Chapter, is waived by the failure of the defendant to plead the declinatory exception timely as provided in Article 928.
Defendants concede that R.S. 13:5104(B), which provides the venue for this action, is not one of the provisions listed above as being exempt from waiver. *1169 They also concede that they failed to plead the exception timely, and in fact, did not raise it until almost two years after the city of Gretna filed its answer. They argue, however, that the list of provisions affording non-waivable venue in Article 44 is not exclusive, and further, that venue under R.S. 13:5104(B) is mandatory and therefore is not subject to waiver.
This argument is not supported by the law. Although this court in Revolta v. Regional Transit Authority, 607 So.2d 963, 964 (La.App. 4th Cir.1992) held that venue under R.S. 13:5104(B) is mandatory, we did not address whether it could be waived. However, the Louisiana Supreme Court has done so. In Franques v. Evangeline Parish Police Jury, 625 So.2d 157 (La.1993), the Court granted writs and reversed the lower court’s granting of a motion to transfer venue. In so holding, the Court stated: “The venue requirement of La. R.S. 13:5104(B) is mandatory but waivable.” Subsequently, citing Franques, the Court reversed a decision of the Third Circuit in which the appellate court had held that the venue requirement of | sR.S. 13:5104(B) was mandatory and therefore not waivable. See First National Bank of Houma v. Bailey, 93-2937 (La.2/4/94), 633 So.2d 159.
In accordance with this jurisprudence, we find that the defendants herein waived their right to object to venue by failing to plead the exception timely. The district court therefore erred by maintaining their exception of improper venue and ordering that the case be transferred to Jefferson Parish. Accordingly, we reverse that judgment and remand to the Orleans Parish Civil District Court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. The record does not contain a transcript of the hearing.

. A judgment sustaining or overruling an exception to venue may cause irreparable harm and thus is an appealable interlocutory judgment. Singley v. City of Bastrop, 33,247, p. 2 (La.App. 2 Cir. 5/10/00), 759 So.2d 292, 294.